**SO ORDERED.**

**SIGNED this 31 day of August, 2005.**

_____
LARRY E. KELLY
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ANQUENETTA DUNNER-HOBBS, | § | CASE NO. 05-62020-LEK |
| DEBTOR. | § | CHAPTER 13 |
| | § | |

**ORDER DISMISSING DEBTOR'S CASE WITH PREJUDICE FOR 180 DAYS FROM THE DATE OF THIS ORDER AND REQUIRING THE DEBTOR TO PAY THE FILING FEE REQUIRED FOR THIS CASE BEFORE THIS DEBTOR CAN FILE ANY FURTHER BANKRUPTCY CASES**

Before the Court is the above referenced case. A review of the history of this Debtor shows that she has filed three prior bankruptcy cases, all of which have been dismissed for her failure to comply with the duties imposed upon a debtor. Debtor filed a chapter 13 case, Case No. 03-60274, which was summarily dismissed on July 14, 2004 because the Debtor failed to make timely plan payments. Debtor filed a chapter 13 case, Case No. 04-60969, which was summarily dismissed on October 18, 2004 because the Debtor failed to make timely plan payments. Debtor filed a chapter 13 case, Case No. 04-62548, which was summarily dismissed March 28, 2005 because the Debtor failed to make plan payments and failed to comply with an agreement reached with a creditor, Mike Milligan, who had sought to dismiss her case. This agreement with the creditor was memorialized in a court order entitled "Agreed Order Retaining Case on Conditions." That agreement specifies that, should the Debtor fail to make her plan

payments, that bankruptcy case, 04-62548, would be dismissed with prejudice for a period of 180 days, meaning that Debtor could not file any other bankruptcy case for a period of 180 days from the date of that Agreed Order.  One hundred eigthy days is approximately 6 months, and this prohibited time period would conclude near the end of September 2005.

However, on August 19, 2005, the Debtor filed a fourth bankruptcy case, again under chapter 13 of the Bankruptcy Code.  Debtor filed this case within the prohibited 180-day period.  Additionally, it appears that the Debtor switched two of the numbers of her Social Security number to avoid detection of her prior three bankruptcy cases.  In any event, the creditor, Mike Milligan, has again filed a motion to dismiss this fourth case given the fact that the Debtor has no right to file bankruptcy because the 180-day period has not passed.

Additionally, Debtor asked and was granted the ability to pay in installments the required $194.00 filing fee for this fourth chapter 13 case.  She paid $40.00 on August 19, 2005, and was to pay one other installment of $154.00 on August 22, 2005.  To date, that installment of $154.00 has not been paid.  Given the above facts, this order is being entered to dismiss this case and impose additional sanctions against the Debtor.  It is therefore

ORDERED that the case is dismissed with prejudice, and Debtor is prohibited from filing a bankruptcy case under any chapter of the Bankruptcy Code **for 180 days from the date of this order (the prohibited period will not conclude until approximately February 26, 2005)**; it is further

ORDERED that the Clerk of the Court is to refuse the filing of any bankruptcy case or is to cancel any electronic filing of a bankruptcy case, including after this 180-day period has passed, until such time as this Debtor has paid the remaining filing fee owed for this bankruptcy case of $154.00; it is further

ORDERED that the automatic stay shall not be arise in any bankruptcy case which the Debtor may file within this 180-day period from the date of this order; it is further

ORDERED that the Trustee is discharged and relieved of his trust and of his sureties, and that the remaining balances of all debts due and owing creditors are not discharged nor affected by this order.

# # #